**BRYAN CAVE LLP**
Sean D. Muntz (SBN 223549)
Tanya Schardt (SBN 247839)
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
E-Mail:  sean.muntz@bryancave.com
         SchardtT@bryancave.com

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA A. NAMVAR, an individual,<br><br>              Plaintiff,<br><br>      v.<br><br>SELECT PORTFOLIO SERVICING, INC., a California Corporation; JP MORGAN CHASE BANK; AND DOES I-XX, inclusive,<br><br>              Defendants. | Case no:  14-CV-0600-GPC (BGSx)<br>(San Diego Superior Court Case No. 37-2014-00002572-CU-OR-CTL)<br><br>Hon. Gonzalo P. Curiel<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS**<br><br>[*Filed concurrently with Memorandum of Points and Authorities; Request for Judicial Notice; and [Proposed] Order*]<br><br>Date:      June 20, 2014<br>Time:      1:30 p.m.<br>Courtroom:  2D |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on, June 20, 2014 at 1:30 p.m., or as soon

thereafter as this matter may be heard, in Courtroom 2D of the above entitled Court,

located at 880 Front Street, San Diego, CA 92101-8900, Defendant JPMorgan

Chase Bank, N.A., will, and hereby does, move the Court for an order dismissing

the Complaint filed by Plaintiff Reza Namvar pursuant to Federal Rule of Civil

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1

Procedure 12(b)(6).  This Motion is made on the following grounds:

1.    Plaintiff's First Claim for Violations of Homeowner's Bill of Rights against Defendant fails because Plaintiff fails to state facts sufficient to constitute a claim.

2.    Plaintiff's Second Claim for Declaratory and Injunctive Relief fails because Plaintiff fails to state facts sufficient to constitute a claim.

3.    Plaintiff's Third Claim for Cancellation of Instruments fails because Plaintiff fails to state facts sufficient to constitute a claim.

4.    Plaintiff's Fourth Claim for Unfair Business Practices in Violation of California Business & Professions Code § 17200 fails because Plaintiff fails to state facts sufficient to constitute a claim.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, all pleadings and records on file in this action, and all briefs, papers, and arguments that the Court may consider.

Dated:  April 2, 2014                    **BRYAN CAVE LLP**
                                         Sean D. Muntz
                                         Tanya Schardt


                                         By:   /s/ Tanya Schardt
                                               Tanya Schardt
                                         Attorneys for Defendant
                                         JPMorgan Chase Bank, N.A.

**NOTICE OF MOTION AND MOTION TO DISMISS**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Reza Namvar defaulted on a $1,242,500,000 home loan.  He sues Defendant JPMorgan Chase Bank, N.A. in an attempt to stop the resulting foreclosure proceedings.  Plaintiff asserts four claims against Defendant.  None have merit for at least the following reasons:

- Plaintiff does not plead viable claims.
- Plaintiff fails to allege tender of the amount due on the loan.
- Plaintiff's claims for violation of the Homeowner's Bill of Rights and and violation of Bus. & Prof. Code § 17200 are not supported by allegations of fact sufficient to constitute a claim.
- Plaintiff's claims for declaratory relief, injunctive relief, and cancellation of instruments are remedies, not causes of action.

Because Plaintiff cannot cure the numerous defects in his claims, Defendant's Motion should be granted and Plaintiff's Complaint should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

In March 2006, Plaintiff borrowed $1,242,500 to purchase property in San Diego, California.  (Request for Judicial Notice ("RJN"), Ex. A.)  The loan is secured by a Deed of Trust.  (*Id.*)  The Deed of Trust lists Washington Mutual Bank, FA, as the lender and California Reconveyance Company as the trustee.  (*Id.*)

In September 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the FDIC as receiver.  Chase entered into a Purchase and Sale Agreement with the FDIC through which Chase acquired certain assets of Washington Mutual.  (RJN, Ex. B.)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

Plaintiff defaulted on the loan.  On May 5, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded.  (RJN, Ex. C.)  At that time, Plaintiff was $18,923.15 in arrears.  (*Id.*).

On August 10, 2009, a Notice of Trustee's Sale was recorded.  (RJN, Ex. D.)  The unpaid balance on the loan was $1,425,175.75.  (*Id.*)

On July 8, 2011, an Assignment of Deed of Trust was recorded assigning the interest of JPMorgan Chase N.A. as successor in interest to Washington Mutual Bank to Deutsche Bank National Trust Co as Trustee for WAMU Mortgage Pass-Through Certificates Series 2006-AR5 Trust. (RJN, Ex. E.)

On January 21, 2014, a Substitution of Trustee was recorded substituting ALAW as trustee.  (RJN, Ex. F.)

On January 30, 2014, another Notice of Trustee's Sale was recorded.  (RJN, Ex. G.)  The unpaid balance on the loan was $1,689,912.95.  The sale has not yet taken place.

Plaintiff filed this lawsuit on February 13, 2014.  The Complaint does not allege Plaintiff is current on his loan, that he has tendered the amount due, or that he has cured (or can cure) his default.  Defendant now moves to dismiss the Complaint. Plaintiff does not plead a viable claim as a whole, and his individual claims fail.

## III.   LEGAL STANDARD

Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either  a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged

under a cognizable legal theory.'"")  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *see also Twombly,* 550 U.S. at 555 (Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss.  (Citations omitted)).  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Id.*

Further, a "court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead."  *Preskar v. U.S.*, 248 F.R.D. 576, 583 (E.D. Cal. 2008).

On a motion to dismiss, the Court should disregard allegations that are contradicted by exhibits to the complaint, or by documents referred to in the complaint and considered pursuant to a request for judicial notice.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## IV.    **PLAINTIFF'S LAWSUIT IS BARRED BY HIS FAILURE TO TENDER.**

Plaintiff is barred from pursuing this action because he failed to tender the amount due on the loan before filing this lawsuit.

It is well-settled that when a defaulting borrower seeks equitable relief in connection with a foreclosure sale – such as a request for rescission or a request for an injunction to halt foreclosure – the borrower first must do equity by paying (or offering to pay) the entire loan amount prior to the sale.  *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996).  "To hold otherwise would permit Plaintiff to state a cause of action without the necessary element of damage . . . ."  *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984).

The tender requirement applies to all claims for relief that derive from the borrower's allegations of wrongful foreclosure.  *Id.* at 578-80.  Any cause of action

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

"implicitly integrated" with allegations of defects during the foreclosure process fails unless the borrower can allege and establish a valid tender. *Id.* at 579-80 (affirming sustaining of demurrer without leave to amend on claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale for failure to establish a valid tender).

The tender rule is strictly applied and followed. *Wong v. Home Loan Servs., Inc.*, 2009 WL 1705667, *3 (E.D. Cal., June 17, 2009). "[I]t is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Id.*

Plaintiff's causes of action and requests for relief are "implicitly integrated" with the pending foreclosure sale. Plaintiff, however, fails to "make an unambiguous tender of the *entire amount due*." *Id.* (Emphasis added). As such, Plaintiff's claims are barred.

## V.   PLAINTIFF'S FORGERY ALLEGATIONS ARE WITHOUT MERIT.

Plaintiff alleges that the Notice of Trustee Sale was signed by Deborah Brignac and that "[i]t would later be discovered by *other Plaintiffs in other litigations* that many of the signatures of Deborah Brignac were forged therefore making the Notices void." (Compl., ¶11 (Emphasis added).) Plaintiff also claims that the "Notice of Trustee Sale of August 2009 was subscribed with a forged signature . . . ." (Compl., ¶42.a.) Finally, Plaintiff states that "Defendant misrepresented material information by causing forged signatures to be placed on the Assignment of Deed of Trust executed August 6, 2009." (Compl., ¶53.)

As a preliminary matter, it should be noted that, contrary to Plaintiff's allegations, the Assignment of Deed of Trust was recorded on January 8, 2011 and was not signed by Deborah Brignac. (RJN, Ex. E.) Moreover, Plaintiff does not provide any facts to support his allegations and does not attach any documents in support of, or to evidence, the forgery allegations. In fact, Plaintiff does not even

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

clearly allege that Deborah Brignac forged the Notice of Trustee Sale *in this case*, or define how the alleged forgery impacted the foreclosure process.

Plaintiff cannot state a claim based solely on his information and belief.  In order to state a plausible claim, Plaintiff must provide supporting facts.  *Nastrom v. New Century Mortg. Corp.*, 2012 WL 2090145, at *6 (E.D. Cal. June 8, 2012) ("Courts have held that when a plaintiff includes vague allegations of 'robo signing' and fails to allege facts setting forth the basis on which the plaintiff is informed and believes such allegations are true, their underlying cause of action fails."); *Brodie v. Nw. Tr. Servs., Inc.*, 2012 WL 4468491, at *5 (E.D. Wash. Sept. 27, 2012) (dismissing wrongful foreclosure action based on robo-signing allegations and noting that plaintiff's bare "assertion that the [foreclosure] documents were executed by 'known robo-signer[s]'" was "not sufficiently detailed to satisfy Rule 9(b)'s heightened pleading standard"); *Doe v. City of Los Angeles*, 42 Cal. 4th 531, 551 n.5 (2007) ("A pleading that did no more than assert boilerplate allegations … would not be sufficient … nor would allegations based on information and belief that merely asserted the facts so alleged without alleging such information that lead[s] [the plaintiff] to believe the allegations are true.").  Here, Plaintiff does not allege any facts to support his conclusory forgery allegations.  Thus, any claim based on the alleged forgery fails.

Plaintiffs' bare forgery allegations fail to state a plausible claim for another reason.  "In order to challenge the [foreclosure] sale successfully there must be evidence of a failure to comply with the procedural requirements for the foreclosure sale that caused prejudice to the person attacking the sale."  *Angell v. Superior Court*, 73 Cal. App. 4th 691, 700 (1999); *Knapp v. Dougherty*, 123 Cal. App. 4th 76 (2004).  Here, Plaintiff does not (and cannot) allege any prejudice arising from the alleged forgery because he does not deny that he was in default or that the sale has not yet occurred.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

7

For these reasons, Plaintiff cannot state a plausible claim based on his allegations of forgery.

## VI.   PLAINTIFF'S ORIGINATION CLAIMS ARE WITHOUT MERIT

Plaintiff argues that the foreclosure proceedings were not valid because WaMu "ceased to exist in 2005" and did not have authority to execute the Note and DOT.  *(*Compl., ¶¶ 18-19.)  Plaintiff's contentions are contradicted by the judicially noticed document issued by the Office of Thrift Supervision ("OTS").

Effective April 4, 2005, Washington Mutual Bank, FA, Stockton, California, formally changed its corporate title to Washington Mutual Bank and its Bylaws were amended to provide that it could do business under the name Washington Mutual Bank, FA.  On July 28, 2005, the OTS issued a Certificate of Succession in Interest for Washington Mutual Bank which stated that Washington Mutual Bank may also do business as "Washington Mutual Bank, FA." *See* RJN, Exhibit H.  Therefore, Plaintiff's contention that WaMu "ceased to exist" fails.

## VII.   PLAINTIFF'S SECURITIZATION CLAIMS FAIL

Plaintiff alleges that the foreclosure proceedings are wrongful because of a "defective transfer of the loan to the securitized trust established for the mortgage-backed securities."  (Compl., ¶ 7.)  More specifically, Plaintiff alleges that the transfers were made after the closing date of the securitized trust holding the pooled mortgages and were therefore void and may be challenged by borrowers.  (Compl., ¶ 8.)  Plaintiff is incorrect.

Plaintiff may not challenge Defendant's standing to foreclose.  The nonjudicial foreclosure scheme provides a "quick, inexpensive, and efficient remedy against a defaulting debtor/trustor," and provides no "judicial action to determine whether the person initiating the foreclosure process is indeed authorized."  *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011); *see also Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 45 (2011)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

8

1

(agreeing with *Gomes* that the statutes do not permit a preemptive suit challenging

2

standing).

3

In *Gomes*, the plaintiff complained he "[did] not know the identity of the

4

Note's beneficial owner," and alleged "the person or entity who directed the

5

initiation of the foreclosure process . . . was neither the Note's rightful owner nor

6

acting with the rightful owner's authority." 192 Cal. App. 4th at 1152.  He sued to

7

determine if the note owner authorized foreclosure.  *Id.* at 1154.

8

The *Gomes* court declined to "interject the courts" into California's

9

"comprehensive" nonjudicial foreclosure statutes.  *Id.* at 1154.  The court observed

10

that permitting such lawsuits would "fundamentally undermine the nonjudicial

11

nature of the process and introduce the possibility of lawsuits filed solely for the

12

purpose of delaying valid foreclosures."  *Id.* at 1155.  Plaintiff cannot preemptively

13

challenge Defendant's right to foreclose because *Gomes* precludes it.

14

Plaintiff's allegation that Defendant has no ownership interest in the loan

15

because the transfer of the deed of trust is void as it occurred after the trust's closing

16

date also fails.  One who is not a party to a contract lacks standing to enforce it.

17

*Ratcliff Architects v. Vanir Constr. Mgmt., Inc.*, 88 Cal. App. 4th 595, 604 (2001).

18

This principle applies where a plaintiff challenges a lender's ownership

19

interest in a loan based on alleged breach of a PSA.  *Jenkins v. JP Morgan Chase*

20

*Bank, N.A.*, 216 Cal. App. 4th 497, 503 (4th App. Dist. 2013); *Arabia v. BAC Home*

21

*Loans Serv., L.P.*, 208 Cal. App. 4th 462, 473 (4th App. Dist. 2012); *Pua v.*

22

*Recontrust Co.*, 2011 U.S. Dist. LEXIS 82624, at *10-11 (C.D. Cal. July 28, 2011).

23

In *Jenkins*, the borrower contended that "[d]efendants [did] not have a

24

secured interest in her home, despite her admitted execution of the deed of trust in

25

2007, because the terms of the investment trust's pooling and servicing agreement

26

were not complied with when her loan was pooled with other home loans and

27

securitized." 216 Cal. App. 4th at 508.  The court held that a borrower may not

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

9

challenge the "right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure" on this basis. *Id.* at 515.

The court explained that the borrower lacked standing:

> As an unrelated third party to the alleged securitization . . . [the plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.

*Jenkins*, 216 Cal. App. 4th at 503.

Similarly, in *Arabia*, the court explained:

> Whether [defendant servicer] has breached an agreement with [the trustee of the PSA] does not alter these undisputed facts or the consequence arising out of [plaintiff's] failure to repay the First Loan.  Moreover, if [defendant servicer] had breached the PSA, then perhaps [the trustee of the PSA] would have a claim against [defendant servicer].  But it is an unsupported leap of logic that would allow [plaintiff] to use these breaches to challenge [defendant servicer's] right to initiate a judicial foreclosure[.]

*Arabia*, 208 Cal. App. 4th at 473.

Plaintiff may attempt to rely on the recent decision by the Fifth Appellate District in *Glaski v. Bank of America, N.A.,* 218 Cal. App. 4th 1079 (2013), to support his standing to challenge foreclosure based on his argument of improper securitization.  In *Glaski*, the court held the borrower pled sufficient facts at the pleading stage that, if true, could render the foreclosure void.  Specifically, the court found the borrower alleged that his loan was transferred into a trust after the trust's closing date, and that under the New York law governing the trust, such transfers were prohibited.  *Id.* at 1097.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

**NOTICE OF MOTION AND MOTION TO DISMISS**

However, *Glaski* has not been followed in any published decision. In *Rivac v. Ndex West LLC,* the court indicated it was "persuaded by the 'majority position' of courts within this district, which is that *Glaski* is unpersuasive, and that 'Plaintiff lacks standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.'"  2013 WL 6662762, *4 (N.D. Cal. Dec. 17, 2013) (citing *Jenkins v. JP Morgan Chase Bank N.A.,* 216 Cal. App. 4th 497, 515 (2013); *Shkolnikov v. JPMorgan Chase Bank,* 2012 WL 6553988 at *13 (N.D. Cal. Dec. 14, 2012); *Zapata v. Wells Fargo Bank, N.A.,* 2013 WL 6491377 at *2 (N.D. Cal. Dec. 10, 2013); *Apostol v. CitiMortgage, Inc.,* 2013 WL 6328256 at *7 (N.D. Cal. Nov. 21, 2013); *Dahnken v. Wells Fargo Bank, N.A.,* 2013 WL 5979356 at *2 (N.D. Cal. Nov. 8, 2013); *Almutarreb v. Bank of New York Trust Co., N.A.,* 2012 WL 4371410 at *2 (N.D. Cal. Sept. 24, 2012).).   *See also Newman v. Bank of New York Mellon*, 2013 WL 5603316, *3, n.2 (E.D. Cal. Oct. 11, 2013) ("[N]o courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue."); *Diunugala v. JP Morgan Chase Bank, N.A*., 2013 WL 5568737, *8-9 (S.D. Cal. Oct. 3, 2013) ("California's nonjudicial foreclosure scheme does not provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized . . . . To the extent a Plaintiff bases her claims on the theory that Defendant allegedly failed to comply with the terms of the pooling and servicing agreement, the court finds that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement . . . . This Court finds the reasoning in the caselaw [holding a plaintiff lacks standing to challenge whether the defendants complied with the terms of the pooling and servicing agreements] to be more persuasive than that in *Glaski*.") (citing *Jenkins,* 216 Cal. App. 4th at 514-15)) ("[E]ven if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged."); *Fontenot v. Wells Fargo Bank,*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

11

*N.A.,* 198 Cal. App. 4th 256, 271-72 (1st. App. Dist.  2011); *Herrera v. Fed. Nat'l Mortg. Ass'n,* 205 Cal. App. 4th 1495, 1506 (4th App. Dist. 2012); *Siliga v. Mortg. Elec. Reg. Sys., Inc.,* 219 Cal. App. 4th 75 (2nd App. Dist. 2013); *Deutsche Bank Nat'l Trust Co. v. Adolfo,* No. 12 C 759, 2013 WL 4552407, *3 (N.D. Ill. Aug. 28, 2013) (expressly disagreeing with *Glaski*)).

This Court should not depart from the clear majority rule articulated in *Jenkins*, *Arabia*, and numerous other cases in California and across the country.

## VIII. <u>PLAINTIFF'S INDIVIDUAL CLAIMS FAIL</u>

### A.   <u>Plaintiff's Claim for Violation of the Homeowner's Bill of Rights Fails.</u>

Plaintiff argues that Defendant violated the Homeowner's Bill of Rights, Civil Code Sections 2323.4, 2923.5, and 2923.7.   Plaintiff's claims fail.

#### 1.   <u>The Homeowner's Bill of Rights</u>

Any action of Defendants prior to January 1, 2013 could not have violated the Homeowner's Bills of Rights because the law did not take effect until January 1, 2013 and it has no retroactive application.  *E.g.*, *Sabherwal v. Bank of N.Y. Mellon*, 2013 WL 4833940, at *10 (S.D. Cal. Sept. 10, 2013) (dismissing claims brought under the Homeowner's Bill of Rights because the law "does not state that it has retroactive application" and plaintiffs "pointed to no extrinsic sources indicating that the California legislature intended a retroactive application").  *See also People v. Whaley*, 160 Cal. App. 4th 779, 793-94 (2008) ("The rules of statutory construction require us to consider legislation as being 'addressed to the future, not to the past.' It is well settled that a new statute is presumed to operate prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended otherwise." (Internal citations and quotations omitted)).

#### 2.   <u>Plaintiff Cannot State a Violation of Civil Code §2923.4 Against Defendant</u>

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

Civil Code §2923.4 is merely the language setting out the purpose for the Homeowner's Bill of Rights.   Civil Code §2923.4 makes no mention of any obligations, and cannot form the legal basis for a violation of the Homeowner's Bill of Rights claim.   As such, Plaintiff have failed to allege a violation for Civil Code §2923.4.

3.   <u>Plaintiff Cannot State a Violation of Civil Code §2923.5 Against Defendant</u>

Section 2923.5 provides that, before a lender may record a notice of default to commence the nonjudicial foreclosure process, the lender must *either* "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" *or* satisfied specified "due diligence requirements" in an attempt to make such contact.   Civil Code § 2923.5(a).

First, contrary to Plaintiff's allegations that Defendant did not contact him pursuant to Section 2923.5, the Notice of Default, and both Notices of Trustee's Sale specifically provide Declarations of Compliance stating that the requirements of Section 2923.5 were met.  (RJN, Exs. D, G, C.)  Here, the recorded documents evidence that the beneficiary or its agent declared that contact was made as required by Section 2923.5.

When the foreclosing entity declares it tried to contact the borrower, the statutory requirements are satisfied.  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010) ("[T]he notice requirement of section 2923.5, subdivision (b), require[s] only that the notice track the language of the statute itself.").   The *Mabry* decision rejects Plaintiff's attempt to require the recorded declaration to include any language not required by statute.  *Id.* at 214.  ("There is no indication that the Legislature wanted to saddle lenders with the need to "custom draft" the statement required by the statute in notices of default.").   Section 2923.5 also does not require

13

the declaration of compliance to be signed by a person with firsthand knowledge. *Id.* at 232-33 (The declaration is "[o]kay if [n]ot [u]nder [p]enalty of [p]erjury. . . . [T]oo many people are necessarily involved in the process for any one person to likely be in the position where he or she could swear that all three requirements of the declaration . . . were met.").

Second, to assert a claim under this statute, Plaintiff must allege that Defendant did not contact him and did not use due diligence to attempt to contact him. *Shapiro v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 117708, at *27 (E.D. Cal. Oct. 12, 2011). However, Plaintiff makes no such allegation here and simply relies on his assertion that Defendant failed to contact him. (Compl., ¶ 35.) These conclusory allegations must be disregarded.

Third, Plaintiff has already obtained the only remedy to which he would be entitled: postponement of the trustee's sale. *Mabry*, 185 Cal. App. 4th at 235 (holding "the *only* remedy provided [under Section 2923.5] is a postponement of the sale before it happens." (Emphasis in original)). Here, Plaintiff does not deny that Defendant has continued to postpone the trustee's sale since the original August 10, 2009 sale date. Indeed, to date, the property has not been sold. Because Defendants have continued to postpone the trustee's sale while assessing and exploring foreclosure alternatives with Plaintiff, the Section 2923.5 claim fails.

4.   Plaintiff Cannot State a Violation of Civil Code §2923.7 Against Defendant

Civil Code Section 2923.7 provides that *"[u]pon request from a borrower* who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Code § 2923.7 (Emphasis added). Therefore, to trigger an obligation under section 2923.7, Plaintiff must allege that he submitted a complete application for a loan

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

14

modification review and that he requested a single point of contact.  *See* Civ. Code §§ 2923.6(C), (h); Civ. Code § 2923.7.

Plaintiff states that "Defendant did not even establish a single point of contact and provide one or more direct means of communication with the single point of contact." (Compl., ¶ 34.)  Plaintiff does not allege that he requested a foreclosure prevention alternative, or a single point of contact. (*See generally* Compl.)  Therefore, his Section 2923.7 claim fails.

### B.   Plaintiff's Claim for Violation of Civil Code Section 2934(a) Fails.

Civil Code section 2924, et seq. sets forth the requirements for a non-judicial foreclosure sale.  The statutory framework is intended to be exhaustive.  *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994).  It regulates standing, notice, and the right to cure.  *Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-33 (1991).

Washington Mutual was the beneficiary of the deed of trust.  By executing the deed of trust, Plaintiff agreed the beneficiary could transfer the beneficial interest to another entity and initiate foreclosure.  (RJN, Ex. A.)  Chase acquired an interest in the deed when it acquired certain assets and liabilities of Washington Mutual from the FDIC.  (RJN, Ex. B.)  Chase then assigned its interests to Deutsche Bank National Trust Co as Trustee for WAMU Mortgage Pass-Through Certificates Series 2006-AR5 Trust.  (RJN, Ex. E.)

ALAW, as the validly substituted Trustee under the Deed of Trust, was authorized to conduct the foreclosure proceedings.  Civ. Code § 2924(a) (2010) ("The trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process.); Civ. Code § 2934a (2004) (beneficiary may make trustee substitutions); *Martinez v. America's Wholesale Lender*, 2010 WL 934617, at *3-4 (N.D. Cal. Mar. 15, 2010).

Plaintiff alleges that "when Defendant sent the paper on or about January 24, 2014, regarding the Trustee's Sale or February 19, 2014, the new Trustee ALAW

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

had not yet been duly appointed as the Trustee and therefore had no power to record the Notice of Trustee Sale." (Compl., ¶ 36.) The recorded documents belie the allegation. The Substitution of Trustee was recorded on January 21, 2014. (RJN, Ex. F.) The Notice of Trustee's Sale was recorded on January 31, 2014. (RJN, Ex. G.) Therefore, Plaintiff's Section 2924(a) claim fails.

## C.   **Plaintiff's Claim for Declaratory and Injunctive Relief Fails.**

Plaintiff brings his final claim for declaratory and injunctive relief on the theory that Defendant violated the Homeowner's Bill of Rights and the claim that the Promissory Note, Deeds of Trust, Notice of Default, Notices of Trustee's Sale, Assignment of Deed of Trust, and Substitution of Trustee were invalid. (Compl., ¶¶ 40-42.) As discussed at length above, Plaintiff is mistaken. None of these allegations can serve as a basis for declaratory or injunctive relief.

Declaratory relief is proper "only where there is a justiciable controversy, as distinguished from a difference or dispute of a hypothetical or abstract character, from one that is academic or moot." *Hagan v. Fairfield*, 238 Cal. App. 2d 197, 202 (1965) (Internal quotations and citations omitted.) "A party seeking declaratory relief must plead facts rather than conclusions of law and must show a controversy of concrete actuality as opposed to one which is merely academic or hypothetical." *Id*. (Internal quotations and citations omitted.) "Where facts appear from the face of the complaint which would justify a trial court in concluding that its determination is not necessary or proper, . . . the court may sustain a general demurrer to the complaint for declaratory relief." *Id*. (Internal quotations and citations omitted).

Plaintiff's allegations do not establish a cause of action because there is no controversy. Plaintiff conveyed the power of sale to his lender, and his lender's assigns. (RJN, Ex. A.) Plaintiff has defaulted. (RJN, Ex. A-G) Plaintiff cannot now bring claims asserting that Defendant has no standing to foreclose.

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

Plaintiff's claim for injunctive relief is equally meritless.  Injunctive relief is a remedy, not a cause of action.  *Marlin v. AIMCO Venezia*, LLC, 154 Cal. App. 4th 154, 162 (2007); *Shamsian v. Atl. Richfield Co.,* 107 Cal. App. 4th 967, 984-85 (2003) ("[A] request for injunctive relief is not a cause of action.  Therefore, we cannot let this 'cause of action' stand.").

Plaintiff fails to plead sufficient facts to warrant the issuance of an injunction.  A prayer for injunctive relief requires the plaintiff to plead and, ultimately, prove: (1) irreparable injury, (2) no adequate remedy at law, (3) a likelihood of success on the merits, and (4) the balance of hardships favors an injunction.  *Barajas v. City of Anaheim*, 15 Cal. App. 4th 1808, 1813 (1993) (irreparable injury and likelihood of success); Robbins v. Super. Ct., 38 Cal. 3d 199, 205 (1985) (balance of hardships); *Pac. Decision Scis. Corp. v. Super. Ct.*, 121 Cal. App. 4th 1100, 1110 (2004) (no adequate remedy at law); *see also* Civ. Proc. Code § 526(a).

"An injunction cannot issue in a vacuum based on the proponents' fears about something that may happen in the future.  It must be supported by actual evidence that there is a realistic prospect that the party enjoined intends to engage in the prohibited activity."  *Korean Phila. Presbyterian Church v. Cal. Presbytery*, 77 Cal. App. 4th 1069, 1084 (2000).  Plaintiff alleges no facts supporting the elements needed for the issuance of an injunction.

### D.   Plaintiff's Claim for Cancellation of Instruments Fails.

Plaintiff alleges the foreclosure notices are invalid and therefore should be cancelled.  "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may upon his application, be so adjudged, and ordered to be delivered up or canceled."  Cal. Civ. Code § 3412.  A complaint to cancel an instrument must therefore state facts showing that the instrument is void or voidable.  *Hughes v. Beekley,* 85 Cal. App. 313, 316 (1927).  To this end, a plaintiff must

**NOTICE OF MOTION AND MOTION TO DISMISS**

allege facts that, if true, support a finding that the instrument at issue was procured by fraud, accident or mistake. *See Hironymous v. Hiatt,* 52 Cal. App. 727, 731 (1921), *abrogated on other grounds in Robertson v. Superior Court*, 90 Cal. App. 4th 1319 (2001). In addition, Plaintiff must allege the "apparent validity" and "actual invalidity" of the instrument and an apprehension of serious injury. Cal. Civ. Code § 3413, 85 Cal. App. at 316.

"[C]ourts have persuasively concluded that cancellation of an instrument is an equitable remedy and not an independent basis for liability." *Lawson v. CitiCorp Trust Bank, FSB,* 2011 WL 3439223, at *7 (E.D. Cal. Aug. 05, 2011) (citing cases); *see also Porter v. Superior Court,* 73 Cal. App. 3d 793, 799 (1977). Here, each of the foreclosure notices was properly recorded pursuant to the terms of the Deed of Trust signed by Plaintiff. Moreover, the issuance of the foreclosure notices constitutes a privileged act. *See Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333-34 (2008). As such, Plaintiff has failed to allege how any of the foreclosure related notices were void or voidable.

**E.** **Plaintiff's Claim for Violation of Bus. and Prof. Code § 17200 Fails.**

Plaintiff alleges Defendant violated the Business and Professions Code Section 17200 and committed unfair business practices. The cause of action is based on Plaintiff's securitization, wrongful foreclosure and forgery claims. As discussed above, each of these claims fails and cannot support a Violation of Business and Professions Code Section 17200.

a. Plaintiff lacks standing.

Plaintiff has not alleged facts that demonstrate that he has suffered any loss of money or property at the hands of the Defendant as required in order to assert a Section 17200 claim. Since the passage of Proposition 64, a private person suing under Section 17200 has standing to sue only if he suffered injury in fact, and lost money or property as a result of the defendant's statutory violation. *Buckland v.*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

*Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 812, 819 (2007).  The loss of money or property must be of a type that is subject to restitution.  *Id*. at 817. Restitution is only available where "a defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or vested interest."  *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012 (2005).  Additionally, there must be a "causal connection between the harm suffered and the unlawful business activity.  The causal connection is broken when a complaining party would suffer the same harm whether or not a defendant complied with the law."  *Yabsley v. Cingular Wireless*, LLC, 176 Cal. App. 4th 1156, 1166 (2009).

Here, any damage Plaintiff may have suffered resulted purely from his own inability to pay.  Plaintiff stands to lose the property securing the loan he received because he defaulted.  He received the benefit of the bargain – the loan.  In the event of default, foreclosure is permissible pursuant to the Deed of Trust.  (RJN, Ex. A.) Thus, Plaintiff does not — and cannot — allege injury in fact resulting from the alleged "deceptive" business practices and lacks standing to assert a claim under Section 17200.

> b.   Plaintiff does not allege unlawful, fraudulent, or unfair conduct.

Section 17200 prohibits unlawful, fraudulent, and unfair business practices. Plaintiff fails to allege a violation of any of the three prongs of the UCL.

A "violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong."  *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (1999).  "In effect, the UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL."  *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).  A claim for UCL stands or falls depending on the fate of antecedent substantive causes of action.  *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001).

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

Plaintiff alleges no conduct that would give rise to a predicate violation of law to support a claim of "unlawful" conduct under Section 17200.  He merely repeats identical, deficient allegations recited in his other causes of action.  (Compl., ¶¶ 51-58.)  Because Plaintiff fails to allege sufficient facts to support his claims, his Section 17200 claim also fails.

Plaintiff fails to allege "fraudulent" conduct.  Where allegations of fraud are made against corporate defendants, the "requirement of specificity . . . requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."  *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).  Plaintiff alleges neither representations by Defendant nor their falsity, let alone the names of the persons who made any such representations.

"Unfair" conduct is that which "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939 (2003).  When "determining whether the challenged conduct is unfair within the meaning of the unfair competition law . . . courts may not apply purely subjective notions of fairness."  *Id*. at 941.  A claim for violation of the Section 17200, if based on some public policy, must be "tethered" to a specific constitutional, statutory, or regulatory provision to find an objective basis for determining whether the alleged conduct is unfair.  *See Id*. at 940 (citing *Cel Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999)).

Plaintiff references no public policy provisions that would provide a predicate for establishing wrongful conduct under the "unfair" prong.  Plaintiff does not, and cannot, allege facts that, if true, would support a finding that Defendant's conduct was "immoral, unethical, oppressive, unscrupulous or substantially injurious to

consumers." *Scripps*, 108 Cal. App. 4th at 939.  Defendant loaned Plaintiff money.

Plaintiff failed to repay it.  Foreclosure followed.  That is not unfair – it is the

bargain Plaintiff entered.

Dated:  April 2, 2014                **BRYAN CAVE LLP**
                                     Sean D. Muntz
                                     Tanya Schardt

                                     By:  /s/ Tanya Schardt
                                              Tanya Schardt
                                          Attorneys for Defendant
                                     JPMorgan Chase Bank, N.A.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

21

**PROOF OF SERVICE**
**CCP 1013A(3) REVISED 5/1/88**
**USDC-SOUTHERN DISTRICT CASE NO.:  14-CV-0600-GPC**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  3161 Michelson Drive, Suite 1500, Irvine, CA  92612-4414.

On *April 2, 2014* I served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on all interested parties in this action by

Michael A. Alfred, Esq.                          *Attorneys for Plaintiff*
LAW OFFICES OF MICHAEL A. ALFRED APC             *Reza A. Namvar*
7220 Trade Street, Suite 104                     Phone:  (858) 566-6800
San Diego, CA 92121                              Fax:     (619) 330-2442
                                                 Email: info@alfredlawoffice.com

Sanford P. Shatz                                 *Attorneys for Defendant*
MCGLINCHEY STAFFORD                              *Select Portfolio Servicing, Inc.*
8001 Irvine Center Drive, Suite 400              Phone: (949) 381-9511
Irvine, CA 92618

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

☐ **BY MAIL - As follows:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.**

Executed on *April 2, 2014*, at Irvine, California.

/S/  Kate Becerra
_____
**Kate Becerra**

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414