1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA A. NAMVAR, an individual,<br><br>                  Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., a Utah Corporation; JP MORGAN CHASE BANK, an Ohio Corporation; CALIFORNIA RECONVEYANCE COMPANY, a California Corporation; DEBORAH BRIGNAC, an individual and as Vice President of California Reconveyance Company; CYNTHIA RILEY, as an individual and as Vice President of Washington Mutual Bank, F.A., AND DOES I-XX, inclusive,<br><br>                  Defendants. | Case No. 3:14-cv-0600-GPC-BGS<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Dkt. No. 11]<br><br>**2) GRANTING PLAINTIFF'S MOTION TO AMEND/CORRECT THE FIRST AMENDED COMPLAINT**<br><br>[Dkt. No. 41]<br><br>**3) DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Dkt. Nos. 17, 21, 22]<br><br>**4) DENYING MOTION TO APPEAR TELEPHONICALLY AS MOOT; AND**<br><br>[Dkt. No. 50]<br><br>**5) REMANDING THIS ACTION TO SAN DIEGO COUNTY SUPERIOR COURT** |

Presently before the Court are: (1) a motion to remand filed by Plaintiff Reza A. Namvar ("Plaintiff"), (Dkt. No. 11); (2) three separate motions to dismiss Plaintiff's First Amended Complaint filed by Defendants Select Portfolio Servicing, Inc., JP Morgan Chase Bank, California Reconveyance Company, Deborah Brignac

("Brignac"), and Cynthia Riley ("Riley") (collectively, "Defendants"), (Dkt. Nos. 17, 21, 22); and (3) a motion to amend/correct the First Amended Complaint filed by Plaintiff, (Dkt. No. 41). The motions have been fully briefed. (Dkt. Nos. 28, 29, 31, 32, 33, 34, 37, 38, 39, 40, 45, 46, 47, 48.) The Court finds the matters suitable for adjudication without oral argument. Civ. L. R. 7.1(d)(1).

For the following reasons, the Court: (1) DENIES Plaintiff's Motion to Remand, (Dkt. No. 11); (2) GRANTS Plaintiff's Motion to Amend/Correct the First Amended Complaint, (Dkt. No. 41); 3) DENIES AS MOOT Defendants' Motions to Dismiss the First Amended Complaint; and 4) REMANDS this action to San Diego County Superior Court. Specifically, the Court finds that Plaintiff's First Amended Complaint failed to allege causes of action against newly joined diversity-destroying Defendants and thus did not provide a basis for remand. However, the Court finds that Plaintiff is entitled to file his proposed Second Amended Complaint, which properly alleges causes of action against two non-diverse Defendants. Plaintiff's Second Amended Complaint necessitates remand of this action to San Diego County Superior Court.

## FACTUAL BACKGROUND

### I.   Allegations in Plaintiff's First Amended Complaint

On March 24, 2006, Plaintiff executed a Deed of Trust and Note securing a loan ("Loan") for the property located at 17221 Silver Gum Way, San Diego, California 92127 ("Subject Property"), in the amount of $1,242,500.00. (Dkt. No. 10, FAC ¶ 56, Ex. B.) The Deed of Trust, recorded on March 30, 2006, listed the "Borrower" as "Reza A. Namvar," the "Lender" as "Washington Mutual Bank, FA," and the "Trustee" as "California Reconveyance Company." (Id. Ex. B.)

Plaintiff alleges Washington Mutual Bank, FA Vice President, Defendant Cynthia Riley, produced "blank endorsements" for the original notes securing Plaintiff's Loan; meanwhile, the original notes "have either been lost or destroyed." (Id. ¶¶ 30, 31.) Plaintiff alleges the note securing his Loan is therefore void. (Id. ¶ 34.)

Plaintiff further alleges falling on hard times in 2009, whereby he "was unable

to keep up with the payments." (Id. ¶ 39.) Plaintiff alleges the then-Trustee of his Deed of Trust, Defendant California Reconveyance Company ("CRC"), filed a Notice of Default and Notice of Trustee's Sale that contained a forged signature of Deborah Brignac. (Id. ¶¶ 39-40.) Plaintiff alleges the forged signature renders the Notice void. (Id. ¶ 40.)

Plaintiff filed for Chapter 7 bankruptcy between May 24, 2011 and December 2013. (Id. ¶ 42.) Plaintiff alleges receiving a notice of transfer of "the void Deed of Trust" to Defendant Select Portfolio Servicing, Inc," (id. ¶ 43); as well as a Notice of Substitution of Trustee from CRC to "ALAW," (id. ¶ 44). Plaintiff alleges that on January 24, 2014, he received a Notice of Trustee's Sale set for February 19, 2014. (Id. ¶ 46.)

Plaintiff's First Amended Complaint alleges five causes of action: (1) Violation of the California Homeowner Bill of Rights, Cal. Civ. Code § 2329 et seq., for Defendants' failure to explore meaningful alternatives to foreclosure, failure to establish a single point of contact, lack of due dilligence, and dual tracking; (2) Declaratory and injunctive relief seeking "a judicial determination of [Plaintiff's] rights and duties and a declaration to prevent a sale of his home"; (3) Cancellation of instruments due to the lack of a valid transfer of interest in the subject real property; and (4) Unfair practices under the California Business & Professions Code section 17200, et seq. (Id.)

## II.     Allegations in Plaintiff's Second Amended Complaint

Plaintiff's Request for Leave of Court to File Second Amended Complaint, (Dkt. No. 41), seeks to add one cause of action against Defendants Deborah Brignac ("Brignac") and CRC. Specifically, Plaintiff seeks to allege a cause of action for "Fraud and Intentional Misrepresentation" for CRC and Brignac's alleged misrepresentation to Plaintiff that Brignac signed the Notice of Trustee's Sale for Plaintiff's property. (Id. at 2-3.)

//

**PROCEDURAL HISTORY**

Plaintiff filed the present action on February 13, 2014 before the San Diego County Superior Court. (Dkt. No. 1-1, Notice of Removal Ex. 1.) Plaintiff's initial Complaint alleged four causes of action against named Defendants Select Portfolio Servicing, Inc. and JP Morgan Chase Bank. (Id.) On March 14, 2014, Defendant Select Portolio Servicing, Inc. removed this action to federal court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) On April 1 and April 2, 2014, Defendants Select Portfolio Servicing, Inc. and JP Morgan Chase Bank filed respective motions to dismiss Plaintiff's Complaint. (Dkt. Nos. 6, 8.)

On May 8, 2014, Plaintiff concurrently filed a First Amended Complaint, (Dkt. No. 10); a motion to amend Plaintiff's Complaint, (Dkt. No. 12); and a motion to remand this action to state court, (Dkt. No. 11). Plaintiff also filed a "Joint Motion to Amend Plaintiff's Complaint" as a "supplement" to Plaintiff's Motion to Amend Plaintiff's Complaint. (Dkt. No. 12-3.) The "Joint Motion" is signed by all Parties, memorializing a stipulation to allow Plaintiff to "amend his Complaint no later than May 8, 2014 pursuant to the Federal Rules of Civil Procedure, Rule 15(a)(2)." (Id.)

On May 12, 2014, the Court granted the Parties' motion and joint stipulation to allow Plaintiff to file a First Amended Complaint pursuant to Federal Rules of Civil Procedure 15(a)(2). (Dkt. No. 14) (citing Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave."). Accordingly, the Court denied Defendants' motions to dismiss Plaintiff's Complaint as moot. (Id.)

Plaintiff's First Amended Complaint adds allegations against Defendants California Reconveyance Company, Deborah Brignac, and Cynthia Riley. (Dkt. No. 10.) Plaintiff has filed a motion to remand this action to state court on the ground that the Parties in this action are no longer completely diverse. (Dkt. No. 11) (citing 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")). Removing Defendant

Select Portfolio Servicing, Inc. as well as California resident Defendants Deborah Brignac and Cynthia Riley oppose remand. (Dkt. No. 28, 29.) Defendants argue that Plaintiff's First Amended Complaint fails to add causes of action against California resident Defendants Deborah Brignac and Cynthia Riley, and claims that the California resident Defendants were added to this action as "sham defendants" solely to divest this Court of diversity jurisdiction. (<u>Id.</u>) On July 21, 2014, Plaintiff filed a reply brief claiming that this failure was an oversight. (Dkt. No. 40.) Plaintiff concurrently filed a motion to amend/correct the First Amended Complaint seeking Court permission to file a Second Amended Complaint alleging a cause of action against Defendants Deborah Brignac and Cyntha Riley. (Dkt. No. 41.)

In addition, Defendants Select Portfolio Services, Inc., JP Morgan Chase Bank, California Reconveyance Company, Deborah Brignac, and Cynthia Riley ("Defendants") have filed three separate motions to dismiss Plaintiff's First Amended Complaint. (Dkt. Nos. 17, 21, 22.)

## DISCUSSION

Prior to addressing the merits of Plaintiff's claims, this Court must confirm its subject matter jurisdiction over this action. <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 84 (1998) ("[W]ithout proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit."). The Court therefore first addresses Plaintiff's motion to remand, (Dkt. No. 11), and Plaintiff's motion to amend/correct the First Amended Complaint, (Dkt. No. 41).

**I.    Motion to Remand**

**A.    Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court. 28 U.S.C. § 1441(a); <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §

1447(c). As federal courts have limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981).

Accordingly, the removal statute further provides that "[i]f after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In other words, "when a party attempts to amend a complaint in a manner that destroys a federal court's jurisdiction, § 1447(e) gives the court discretion to consider the propriety and fairness of allowing that amendment." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999) (Pregerson, J.); see also IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (Conti, J.) (recognizing that diversity-destroying amendment is analyzed under § 1447(e) and requires higher scrutiny than does amendment generally).

## B.     Analysis

Plaintiff's motion to remand seeks remand of this action due to Plaintiff's attempts to add allegations to his Complaint against diversity-destroying California resident Defendants Deborah Brignac, Cynthia Riley, and CRC. (Dkt. No. 11.) At the time Plaintiff filed the motion to remand, the Court had before it Plaintiff's First Amended Complaint. Defendants opposed remand on the ground that Plaintiff failed to assert any viable claims, let alone any claims, against fraudulently joined "sham defendants" Deborah Brignac and Cynthia Riley. (Dkt. No. 28 at 3.) In reply, Plaintiff claims the failure to add "particular causes of action involving Brignac and CRC" was an "oversight on Plaintiff's part." (Dkt. No. 40 at 2.) Plaintiff concurrently filed a Request for Leave of Court to File Second Amended Complaint, seeking to amend the First Amended Complaint to add causes of action against Defendants Brignac and CRC. (Dkt. No. 41.)

The Court finds that Plaintiff's First Amended Complaint does not meet the

requirements for post-removal joinder of Defendants Deborah Brignac, Cynthia Riley, and CRC, and that joinder of these Defendants in Plaintiff's First Amended Complaint is inappropriate under 28 U.S.C. section 1447(e). Cf. McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 606 (2014) (recognizing a split in authority and adopting the approach of "many courts" whereby "once a case has been removed to federal court, the court must scrutinize a diversity-destroying amendment to ensure that it is proper under 28 U.S.C. section 1447(e)" irrespective of plaintiff's right to amend under Federal Rules of Civil Procedure 15(a)) (citing cases). Whether to permit joinder of a party that will destroy diversity jurisdiction under section 1447(e) remains "in the sound discretion of the court," in consideration of six factors:

> (1) whether the party sought to be joined as needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Palestini v. General Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000)). "Any of the factors might prove decisive, and none is an absolutely necessary condition of joinder." Yang v. Swissport USA, Inc., No. C 09-03823 SI, 2010 WL 2680800 at *3 (N.D. Cal. July 6, 2010).

Here, Plaintiff concedes that his First Amended Complaint named Defendants Brignac, Riley, and CRC, but failed to allege causes of action against these Defendants. (Dkt. No. 40 at 2.) The Court therefore finds that, as the First Amended Complaint states no claims against Defendants Brignac, Riley, or CRC, the IBC Aviation factors weigh in favor of denying joinder under section 1447(e) for the purposes of considering Plaintiff's Motion to Remand. Specifically, joinder of these

non-resident Defendants against whom no causes of action are asserted in the First Amended Complaint is not needed for just adjudication of this matter; Plaintiff has asserted no valid claims against these Defendants; and denial of joinder will not prejudice Plaintiff. IBC Aviation, 125 F. Supp. 2d at 1011. Accordingly, the Court DENIES joinder of the non-diverse Defendants based on the allegations against them in the First Amended Complaint and DENIES Plaintiff's Motion to Remand based on the joinder of these non-diverse diversity-destroying Defendants. (Dkt. No. 11.)

## II.     Motion to Amend/Correct First Amended Complaint

The Court next considers Plaintiff's Motion to Amend/Correct his First Amended Complaint to add causes of action against Defendants Brignac and Riley. (Dkt. No. 41.)

### A.     Legal Standard

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.; but see Union Pacific R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties).

Because Rule 15(a) favors a liberal amendment policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted.

Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors:  (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment.  Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).  These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. Bowles v. Reade, 198 F.2d 752, 758 (9th Cir. 1999).  The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment.  William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

## B.    Analysis

### 1.    Amendment of Pleadings

Defendants argue that Plaintiff has delayed in alleging causes of action against Defendants Brignac, Riley, and CRC, and that Plaintiff's proposed amendments are futile. (See Dkt. No. 45; 46.) As to delay and dilatory motive, Defendants Brignac, Riley, and JPMorgan Chase Bank, N.A. argue "[t]here is no reason why Plaintiff could not have included the claim for fraud and intentional misrepresentation when he filed the FAC." (Dkt. No. 46 at 4.) Defendants argue the timing of Plaintiff's filing of his request for leave to amend on the day that Defendants filed their reply briefs in support of their motions to dismiss the First Amended Complaint suggests that Plaintiff's request to amend "is merely a tactic to delay resolution of this action on the merits." (Id. at 4) (citing Larios v. Nike Retail Servs., Inc., 11cv1600-GPC-NLS, 2013 WL 4046680 (S.D. Cal. Aug. 9, 2013)).

The Court disagrees that this is one of the "occasional" circumstances in which "delay in itself may be evidence of bad faith sufficient to justify denial of

leave to amend." <u>Larios</u>, 2013 WL 4046680 at *3 (citing <u>Adams v. Gould Inc.</u>, 739 F.2d 858, 868 (3d Cir. 1984)). Although Defendants correctly note that Plaintiff filed his motion to amend/correct the First Amended Complaint on the same day Defendants filed their reply briefs in support of their respective Motions to Dismiss Plaintiff's First Amended Complaint, Plaintiff's counsel states he neglected to add the causes of action at issue "merely due to an oversight." (Dkt. No. 41 at 2.) Although the Court agrees that Plaintiff could have sought to allege the new causes of action along with earlier amendments, the Court is not convinced that any delay was either intentional or favorable to Plaintiff.

As to futility, Defendants argue Plaintiff's "forgery" claim against Defendant Brignac is self-defeating; that Plaintiff's new claims for fraud and intentional misrepresentation are devoid of factual support; and that Plaintiff's proposed amendments do not state a claim for Fraud or intentional misrepresentation. (Dkt. No. 45 at 4-5; Dkt. No. 46 at 2-4.) Plaintiff responds that his amendments are not futile because "Plaintiff has proof that the Notice on his property was forged and such fraudulent activity goes to the heart of Plaintiff's damages." (Dkt. No. 48 at 3.)

A motion for leave to amend will be denied for futility only if the proposed amendment sets forth no set of facts which "can be proved under the amendment to the pleadings that would constitute a sufficient and valid claim." <u>Miller v. Rykoff–Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988). Denial of leave to amend on this ground is rare. <u>Netbula, LLC v. Distinct Corp.</u>, 212 F.R.D. 534, 539 (N.D. Cal. 2003); <u>accord</u> <u>Green Valley Corp. v. Caldo Oil Co.</u>, No. 09-cv-04028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting the "general preference against denying a motion for leave to amend based on futility"). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." <u>Fair Hous. Council of Cent. California, Inc. v. Nunez</u>, No. 1: 10CV02073 LJO DLB, 2012 WL 217479 at *4 (E.D. Cal. Jan. 24, 2012) (citations omitted).

Drawing all reasonable inferences in Plaintiff's favor and assuming the truth of his new allegations, the Court does not find the proposed amendments are futile. In particular, the Court finds that the new cause of action Plaintiff seeks to allege flows from the factual allegations against Brignac and CRC alleged against them in the First Amended Complaint, and that Plaintiff may yet prove facts under his proposed amendments that would constitute a sufficient and valid claim. In light of the Ninth Circuit's liberal policy favoring granting leave to amend, the Court declines to convert Plaintiff's motion to amend into a premature motion to dismiss. See Miller, 845 F.2d at 214; see also Foman, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits."). Because Defendants have established neither prejudice nor a strong showing of any other factor, it fails to meet its burden in opposing Plaintiff's Motion to Amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."). As such, the Court defers consideration of challenges to the merits of Plaintiff's Second Amended Complaint until it has been filed.

Overall, the Court finds that the Foman factors weigh in favor of permitting Plaintiff to amend his First Amended Complaint.

## 2. Joinder of Non-Diverse Defendants

However, as Plaintiff's proposed amendments seek to state claims against non-diverse Defendants, the Court must also determine whether joinder of diversity-destroying Defendants is appropriate given the allegations in Plaintiff's proposed Second Amended Complaint under 28 U.S.C. § 1447(e). Cf. McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 606 (2014) (recognizing a split in authority and adopting the approach of "many courts" whereby "once a case has been removed to federal court, the court must scrutinize a diversity-destroying amendment to ensure

that it is proper under 28 U.S.C. section 1447(e)" irrespective of plaintiff's right to
amend under Federal Rules of Civil Procedure 15(a)) (citing cases). As such, the
Court again applies the six <u>IBC Aviation</u> factors to determine whether joinder is
appropriate.

The Court first notes that the Parties have failed to address the first, second,
third, and sixth <u>IBC Aviation</u> factors in relation to the allegations in Plaintiff's
proposed Second Amended Complaint. However, the Court construes Defendants'
arguments against allowing amendment of Plaintiff's First Amended Complaint as a
dispute as to the fourth and fifth <u>IBC Aviation</u> factors: in other words, the Court
interprets Defendants' arguments as challenging whether Plaintiff seeks to join
Defendants Brignac and CRC solely to defeat federal jurisdiction and whether
Plaintiff's claims against these defendants are valid. (<u>See</u> Dkt. Nos. 11, 28, 40, 41,
45, 46, 47, 48.)

Having considered the Parties' arguments and the applicable law, the Court
finds that the first, third, fourth, and sixth <u>IBC Aviation</u> factors weigh in favor of
allowing Plaintiff to join his claims against Defendants Brignac and CRC. The first
<u>IBC Aviation</u> factor considers the extent to which the California resident
Defendants are needed for the just adjudication of the present matter. 125 F. Supp.
2d at 1011. Under Federal Rules of Civil Procedure 19(a), a necessary party is a
person "having an interest in the controversy, and who ought to be made [a party],
in order that the court may act on that rule which requires it to decide on, and finally
determine the entire controversy, and do complete justice, by adjusting all the rights
involved in it." <u>CP Nat. Corp. v. Bonneville Power Admin.</u>, 928 F.2d 905, 912 (9th
Cir. 1991) (citation and internal quotations omitted). A court may find that joinder
is appropriate for the just adjudication of the controversy if there is a high degree of
involvement by the defendant in the occurrences that gave rise to the plaintiff's
cause of action. <u>Perryman v. Life Time Fitness, Inc.</u>, No. CV-09-452-PHX-GMS,
2009 WL 5185177 at *2 (D. Ariz. Dec. 22, 2009); <u>Falcon v. Scottsdale Ins. Co.</u>, No.

CV-06-122-FVS, 2006 WL 2434227 at *2 (E.D. Wash. Aug. 21, 2006); <u>see also</u> <u>Desert Empire Bank</u>, 623 F.2d at 1373–74, 1376 (9th Cir. 1980) (permitting joinder of an insurer who denied the existence of an insurance contract, so that plaintiff could pursue counts of fraud or negligent misrepresentation).

Here, Plaintiff's allegations against Defendants Brignac and CRC center on his claims that the documents securing his Loan contained fraudulent endorsements by Brignac. (Dkt. No. 10, First Amended Complaint ¶ 23, 30, 40, 63, 102a.) As Plaintiff notes, these allegations go "to the heart" of Plaintiff's claims, (Dkt. No. 48 at 3), which allege that Defendants have wrongfully attempted to foreclose on his property on the basis of void documents. This factor therefore weighs in favor of joinder.

The Third <u>IBC Aviation</u> factor considers whether there has been unexplained delay in requesting joinder. 125 F. Supp. 2d at 1011. As discussed above, the Court finds that Plaintiff has not unduly delayed in seeking joinder. Plaintiff timely sought a stipulation to file and filed a First Amended Complaint seeking joinder of Defendants Brignac and CRC, and has sought again to join Defendants Brignac and CRC upon realizing that the First Amended Complaint had neglected to allege a cause of action against them "due to an oversight." (Dkt. No. 41 at 2.) This factor also weighs in favor of joinder.

The fourth <u>IBC Aviation</u> factor considers whether joinder is intended solely to defeat federal jurisdiction. 125 F. Supp. 2d at 1101. Defendants forcefully assert that Plaintiff's proposed amendment is solely for the purpose of destroying federal diversity jurisdiction. (Dkt. No. 45 at 4.) However, Plaintiff assures the Court that "Plaintiff wants nothing more than to expedite his case in order to get back into his home which is subject to foreclosure at this time." (Dkt. No. 48 at 5.) The Court finds that the record as it currently stands does not support the conclusion that Plaintiff's sought amendment is intended solely to defeat federal jurisdiction. In particular, the Parties stipulated to allow Plaintiff to file the First Amended

Complaint that first named non-diverse Defendants Brignac and CRC as Defendants in this action. (Dkt. No. 12-3.) Although Plaintiff now seeks to further amend the Complaint to state a cause of action, Plaintiff could have done so in his First Amended Complaint. The Court therefore finds that Plaintiff's sought amendment is not intended solely to defeat federal jurisdiction, and finds that the fourth IBC Aviation factor weighs in favor of allowing joinder. Cf. Canich v. Pacific Greyhound Lines, 161 F. Supp. 696, 699 (D. Ore. 1958) ("Defendant having consented by stipulation that plaintiff amend her complaint for the purpose of making a record for its own motion of dismissal on grounds of lack of diversity jurisdiction, will not now be heard to complain if this case is remanded to the State Court.").

The sixth IBC Aviation factor considers whether denial of joinder would prejudice Plaintiff. 125 F. Supp. 2d at 1101. This factor weighs most heavily in favor of allowing joinder. See Yang v. Swissport USA, Inc., No. C 09-03823 SI, 2010 WL 2680800 at *5 ("Courts have found significant prejudice where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the non-diverse defendants."). Here, denial of joinder would preclude full resolution of Plaintiff's claims for declaratory relief on Plaintiff's legal theory, because Plaintiff's challenge to his foreclosure is based on the invalidity of the underlying documents securing his loan. This factor weighs strongly in favor of allowing joinder.

In addition, the Court finds that the remaining IBC Aviation factors do not dictate a contrary result. In regards to the statute of limitations, the Court notes that Defendants claim Plaintiff's causes of action are barred by the statute of limitations in this Court, (Dkt. No. 45 at 1); it follows that they would argue that the statute of limitations would also bar an original action against Defendants Brignac and CRC

in state court. Furthermore, although Defendants argue Plaintiff's claims are invalid because Plaintiff has failed to meet the heightened pleading standard for claims of fraud set forth in Federal Rules of Civil Procedure 9(b), the Court finds that Plaintiff's failure to meet federal pleading standards does not make Plaintiff's claims invalid on their face under state law. Accordingly, the Court finds that Defendants Brignac and CRC are not improperly joined to this matter by Plaintiff's proposed Second Amended Complaint under 28 U.S.C. § 1447(e). The Court GRANTS Plaintiff's motion to file a Second Amended Complaint including causes of action for fraud and intentional misrepresentation. Plaintiff's proposed Second Amended Complaint, (Dkt. No. 41-1), shall be deemed filed.

### III.   Subject Matter Jurisdiction and Remaining Motions

Having granted Plaintiff's motion to file a Second Amended Complaint, the Court DENIES Defendants' pending motions to dismiss the First Amended Complaint as moot. Furthermore, having allowed Plaintiff to join non-diverse Defendants Brignac and CRC to the present matter, the Court finds that it no longer has diversity jurisdiction over this action and must REMAND the action to California Superior Court. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) ("If diversity were the only basis for the court's subject matter jurisdiction, joinder of the non-diverse [defendants] would have divested the court of jurisdiction.").

### CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby:

1) **DENIES** Plaintiff's Motion to Remand, (Dkt. No. 11);

2) **GRANTS** Plaintiff's Motion to Amend/Correct the First Amended Complaint, (Dkt. No. 41); The Clerk of Court is directed to FILE Plaintiff's proposed Second Amended Complaint, (Dkt. No. 41-1), as a separate docket entry;

3) **DENIES AS MOOT** Defendants' respective motions to dismiss Plaintiff's First Amended Complaint, (Dkt. Nos. 17, 21, 22);

1    4) **DENIES AS MOOT** Defendant Select Portfolio Servicing, Inc.'s motion

2  to appear telephonically; and

3    5) **REMANDS** this action to San Diego County Superior Court.

4    **IT IS SO ORDERED.**

5  DATED:  September 30, 2014

6

7                          HON. GONZALO P. CURIEL
                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:14-cv-0600-GPC-BGS